**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DOUGLAS P. DEMASI,

        Plaintiff,

vs.                                              Case No. 3:09-cv-868-J-32JRK

UNITED STATES OF AMERICA,

        Defendant.

_____

**ORDER**

This Federal Tort Claim Act case is before the Court on the United States' Motion to Extend Case Management Deadlines (Doc. 20), to which Plaintiff has filed a response in opposition (Doc. 21). Citing a number of unforeseen events including family and personal illness, counsel for the United States requests the following extensions: (1) retroactive extension of the United States' expert report deadline from August 3, 2010 to November 5, 2010; (2) extension of the discovery deadline from October 15, 2010 to December 15, 2010; (3) extension of the mediation deadline from November 12, 2010 to January 14, 2011; and (4) a similar extension of the dispositive motion deadline. Doc. 20 at 9-10. Plaintiff partially opposes a retroactive extension of the expert deadline,[1] but is agreeable to the remainder of the United States' extension requests[2] on the condition that such extensions not cause

---

[1] Plaintiff opposes an extension as it pertains to the United States' liability expert and economist, but consents to an extension as to the United States' life-care plan/vocational expert. Doc. 21 at 11-12.

[2] Plaintiff is agreeable to the United States' request to extend the discovery deadline so long as the extension only permits depositions of: (1) those lay witness whose depositions have already been requested; and (2) the United States' examining physicians and life-care

a continuance of the trial of this case, which is currently slated for the March 2011 trial term. Id. at 16-17.

Even assuming that each of the extensions to which Plaintiff is amenable are due to be granted, the undersigned does not find a continuance of the March 2011 trial term to be necessary.  Accordingly, the Court turns to the sole (partially) contested issue: the United States' request to extend the expert report deadline.  Pursuant to the Court's January 7, 2010 case management order, the United States' expert disclosures were initially due on August 6, 2010.  See Doc. 16.  In July of 2010, counsel for the United States informed Plaintiff that it would not be able to meet the initial deadline and requested an extension to September 3, 2010, which Plaintiff granted.  The parties ultimately had difficulty scheduling independent medical examinations for Plaintiff before the September 3 deadline.  Despite frequent contact through the months of August and September regarding scheduling of the IMEs and other discovery issues, the parties failed to come to agreement on a second extension to the United States' expert deadline.  As a result, the United States filed the instant motion on October 15, 2010, wherein it represented that its expert witness disclosure and liability expert reports would be available to Plaintiff by October 22, 2010, its life-care plan expert's report by November 1, 2010, and its economist's report by November 5, 2010. On October 22, 2010, Plaintiff did in fact receive the United States' expert witness disclosure and liability expert reports.

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or

---

plan/vocational expert.

2

must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." The four factors the Court must consider in determining whether excusable neglect has occurred are: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith. Staley v. Owens, 367 Fed. App'x. 102, 105 (11th Cir. 2010). As Plaintiff makes no allegation that counsel for the United States has acted in bad faith, the Court considers only the first three factors.

Plaintiff contends that he will be prejudiced by a retroactive extension of the United States' expert deadline because the delay "would effectively enable the Defendant and the Defendant's expert to conduct the liability [and economics] portion[s] of this trial by ambush." Doc. 21 at 11. Such an argument would be well-taken if this case was set for the December 2010 trial term. However, Plaintiff provides no support for his contention that receiving the United States' expert disclosures a full four months before trial would result in a "trial by ambush." Further, Plaintiff fails to address why receipt of the United States' liability experts' reports on October 22, 2010 amounts to an ambush, while receipt of the United States' life-care plan expert's report on November 1, 2010 - to which Plaintiff is amenable - does not. As a result, Plaintiffs' argument that he will be prejudiced by a "trial by ambush" are unavailing.

Plaintiff also contends that a retroactive extension of the expert deadline will delay the resolution of Plaintiff's claim because "it will likely result in a postponement of the trial date."

3

Doc. 21 at 12. However, as previously stated, the Court sees no need to postpone the trial as a result of the requested extensions. Likewise, the Court is comfortable that it can timely rule on the parties' dispositive motions - if any are filed - well in advance of the March 2011 trial date. As a result, the retroactive extension will not adversely impact the trial date.

Plaintiff last contends that although family and personal illness affected the United States' counsel's ability to comply with initial discovery deadlines, any subsequent delays were the result of factors largely within counsel's control, such as her schedule. The Court agrees that counsel for the United States could have been more diligent in obtaining timely deadline extensions from Plaintiff. However, as the parties were in frequent contact during the months of August and September, counsel for the United States was arguably reasonable in her belief that Plaintiff would consent to another extension. As no bad faith has been alleged, the Court finds that any additional delays above and beyond those caused by medical and family concerns resulted more from miscommunication than outright neglect. Moreover, the Court vastly prefers to decide cases on their merits.

Accordingly, it is hereby

**ORDERED**:

1. The United States' Motion to Extend (Doc. 18) is **GRANTED**.

2. The Court's Case Management and Scheduling Order (Doc. 16) is amended as follows: the United States' Expert Report Deadline is retroactively extended from September 3, 2010 to **November 5, 2010**; the Expert Rebuttal Report Deadline is extended to **December 6, 2010**; the Discovery Deadline is extended from October 15, 2010 to

**December 15, 2010**;[3] the Mediation Deadline is extended from November 12, 2010 to **January 14, 2011**; and the Dispositive and *Daubert* Motion deadline is extended from November 19, 2010 to **January 7, 2011.**  The case remains scheduled for a Final Pretrial Conference on February 22, 2011 at 10:30 a.m. and for trial during the March 2011 term.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of November, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record

---

[3]   Of course, Plaintiff may schedule the depositions of any of the United States' experts before the extended December 15, 2010 discovery deadline.